IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> ROSIE PARKS, ESTATE OF WILLIAM M. PARKS, DECEASED; and DOES 1-100, inclusive <br><br> Defendant. _____/ | No. C 08-02027 WHA <br><br> **ORDER DENYING APPOINTMENT OF COUNSEL; NOTICE OF DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO DISMISS** |

The Court is in receipt of plaintiff's inquiry regarding the status of her request for appointment of counsel. Plaintiff filed this action on April 18, 2008. On June 16, 2008, plaintiff filed a motion application for court appointed counsel. In response to this motion, Judge Larson issued an order allowing plaintiff to proceed without prepayment of fees. While that order did not explicitly address plaintiff's application for court appointed counsel, one could reasonably conclude that the fact the order was limited to a grant of the application to proceed without prepayment of fees meant the application for appointment of counsel was denied. This Court, nevertheless, will explicitly address plaintiff's request for an appointment of counsel in this order.

Because of limited resources, the Court very rarely appoints counsel in civil cases. Counsel is only appointed in civil cases under " exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980). Plaintiff has not demonstrated such circumstances. Plaintiff has not shown that she has made a reasonably diligent effort to obtain counsel on her

1  own. While plaintiff states she has spoken with attorneys, including Legal Aid, about taking
2  her case, plaintiff does not fully describe her efforts. In addition, she acknowledges she "could
3  find an attorney that would handle this type of case on contingency" (Dkt. 3). The Court finds
4  that plaintiff's suit is not so likely to succeed, on the merits or otherwise, that this case qualifies
5  as exceptional. According to defendant's motion to dismiss, plaintiff's claims (and the same
6  parties) are the subject of pending actions in the United States Bankruptcy Court for the
7  Northern District of California. In light of this, plaintiff's allegations do not evidence an
8  exceptional need for counsel. Accordingly, plaintiff's request for appointment of counsel is
9  **DENIED**.

10  The Court is also in receipt of plaintiff's request for a continuance of the January 8,
11  2009 hearing. Defendant's motion to dismiss plaintiff's complaint was previously noticed for a
12  January 8 hearing. Plaintiff's response to the motion was due on December 18, 2008, but a
13  response was not provided by this deadline. On December 22, 2008, the Court issued a notice
14  for plaintiff to respond to defendant's motion by December 29, 2008, and the Court reminded
15  "plaintiff that she did not appear for the case management conference, and her continued failure
16  to appear will likely mean dismissal."

17  On January 2, 2009, the Court dismissed plaintiff's complaint for a failure to prosecute
18  because plaintiff's opposition to the motion to dismiss was not received by the December 29
19  deadline. On January 2, plaintiff filed a request for a continuance on the basis that she cannot
20  afford an attorney and the Court had not provided her with a written response to her request for
21  appointment of counsel. Plaintiff's request was apparently filed on January 2, although not
22  entered on the docket until January 8. The Court was not in receipt of plaintiff's request for a
23  continuance when the action was dismissed on January 2.

24  Plaintiff's belated request for a continuance did not provide a reason as to why she did
25  not oppose defendant's motion on the initial deadline of December 22 or the later deadline of
26  December 29. Plaintiff's belated request for a continuance does not remedy her failure to
27  oppose defendant's motion. Plaintiff is ordered to show cause for her failure to timely oppose
28  the motion.

Plaintiff will be provided one more opportunity to respond to defendant's motion to dismiss. Plaintiff noted in her request for continuance that she has requested help from the Volunteer Legal Service Program and they will need time to review her documents to assist her with an appropriate response. In her response, plaintiff must explain her failure to file an opposition on time and respond to defendant's motion to dismiss by **JANUARY 22, 2009** at **NOON**. Defendant's reply is due by **JANUARY 29, 2009** at **NOON**.

**IT IS SO ORDERED.**

Dated: January 15, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3